CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV - 9 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL R. CARTER, | ) | |
| Petitioner, | ) | Civil Action No. 7:00cv00862 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| | ) | |
| GENE JOHNSON, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

This matter is before the court upon petitioner's motion to vacate and to order a show cause hearing, which he purports to bring pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion (docket #24) was filed in this court on November 6, 2006. I conclude that petitioner is not entitled to any relief.

On November 6, 2000, petitioner filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 10, 2001, I granted respondent's motion to dismiss. On March 19, 2002, petitioner's appeal was dismissed by the United States Court of Appeals for the Fourth Circuit. Petitioner's petitions for a rehearing and a rehearing en banc were denied on May 16, 2002. The final judgment of the Court of Appeals was entered on May 24, 2002. Now, four and a half years later, petitioner brings this motion, stating meritless and incoherent arguments.* Carter seeks "to have the final order issued in the case . . . set aside and an order to be directed to Respondent to show cause why Petitioner should not be released within sixty (60) days . . . ."

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding

---

* For example, petitioner argues that the court applied the incorrect standard of review to his petition and that the court did not have jurisdiction because **respondent** had not satisfied "the exhaustion requirement delineated in 28 U.S.C. §2254 (b) . . . ." Petitioner's remaining arguments are so nonsensical that they are impossible to paraphrase.

1

for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). The purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995). Additionally, absent extraordinary circumstances, a Rule 60(b)(6) motion for relief from judgment based upon "any other reason justifying relief from the operation of the judgment" may not be granted. Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004); Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n. 2 (4th Cir. 2000).

Carter has not alleged any of the factors listed in Rule 60(b) which would support granting relief. Moreover, his petition is not timely.

Relief under Rule 60(b) is not appropriate, and Carter's motions are **DENIED**.

The Clerk of the Court is directed to send certified copies of this order to plaintiff and counsel of record for the defendants.


ENTER: This 9th day of November, 2006.

                                                     Senior United States District Judge